Caruthers, J.,
delivered the opinion of the Court.
This bill was filed in the Chancery Court of Rutledge to settle the rights and liabilities of the complainant and Thomas W. Waggoner, in relation to the affairs of James A. Waggoner, who failed in trade and absconded. The disposition made by the Chancellor, of other matters, being acquiesced in, a single question is made and argued before us, as to which the facts are as follows: On the 5th of May, 1854, a bill of exchange at six months, for $1200, was drawn by James A. Waggoner, in favor of Thomas W. Waggoner, upon John Cox, payable at the Bank of Hamburg, South Carolina. This bill was accepted at date by the drawee, and discounted by the Branch Bank of Tennessee at Rogersville. It was protested for* non-pay *544 ment, and has been all paid by the acceptor bnt $400, which was paid by the 'said Thomas W., with the money of the drawer.
This bill is filed to change the order of liability of the parties, according to the commercial law, upon the ground that it was an accommodation acceptance, and for other reasons. That this was true, there can be no question. It is but faintly, if at all, denied in the answer. But the defendant insists that the liabilities of the parties shall be declared according to the legal effect of the instrument. That is, that the acceptor be primarily subjected to the whole debt, as such is the law, according to the respective positions of the parties on the paper. To avoid this legal consequence, the agreement and understanding of the parties, and other equitable matters are relied upon.
We are fully satisfied from the proof that the complainant accepted the bill for the accommodation of the drawer and payee, and as between themselves, they would both be liable to him for any thing he might have to pay upon it.
The order of their liability, as fixed by law, upon' the paper, may be changed by the agreement or understanding of the parties. Such agreement or understanding is the law of the case, as between the parties, without regard to their attitude on the paper. If the acceptance is for the accommodation of the drawer, and the, acceptor has to meet it out of his own funds, he has recourse upon the drawer, and so as to the endorser, if he is also accommodated, or has a unity of interest in the funds to be procured, or agrees to be first responsible. Addison on Contracts, 60, 61. 'In *545 this case tbe defendant was tbe father of the drawer, who was very ranch pressed for money, and anxious to extricate himself, as well as his father, who was already bound for him, in considerable amounts, by the purchase of a drove of horses for the southern market. This money was for that purpose. The father was actually engaged for him in the procurement of money. He applied to various persons for monied accommodations, and always stated that he and his son would both be first bound. In this instance such was clearly the understanding of the parties. There is no pretense that Cox had, or^, was to have, any means of the drawer in his hands to meet the bill. It is not reasonable, under these circumstances, to suppose that he knowingly assumed a liability that would exonerate the father, at whose urgent solicitation he accepted. It is most likely that he thought at the time, that his undertaking was nothing more than that of a second endorser. And although that was not so in form, yet as between them it was so in law, and in fact.
But there are two other grounds upon which the same consequence would result. 1. The weight of evidence is, that the father was jointly interested with the son in the enterprise for which this money was obtained and used. 2. The son, most probably, left in his hands money and property to meet this and other debts. Both these questions of fact are warmly contested in the preparation and argument of the case, and without going into details, it is enough to say, that upon a thorough examination of the proof, we are satisfied that it preponderates in favor of the Chancellor’s conclusions against the defendant.
*546 Upon all or either of the three grounds stated, the complainant is entitled to the relief for which he prays.
But a question of pleading is made which, it is supposed, is in the way of this relief. The bill states, that “ On the note in the bank, your orator and the said Thomas, were accommodation endorsers, but your orator does not recollect which of the two is the prior endorser.” The response to this is wary and cautious. It is denied that there is any note in the bank on which the complainant and defendant are endorsers, as charged in the bill, but admits that there is a bill of exchange in said bank, drawn by James Waggoner for $1200, January 5, 1854, at six months, “ on which respondent is endorser, and complainant acceptor;” and submits it to the Court to declare the “ rights and liabilities” of the parties upon the paper. He gives no explanation of the matter, in any way, whether it was accommodation paper, what was done with the money, or any thing in relation to it, but barely submits the question of order of liability, upon the face of. the paper. Upon this state of the pleadings, the point made is, that as the complainant refers to a note upon which he was endorser, no relief can be extended to him if it turns out upon the answer and proof that there was no such note, nor was he endorser, but instead of that, the paper was a bill of exchange, and he acceptor. If the rule of pleading was ever so rigid — which perhaps it was not — as to exclude relief upon that ground, it certainly is not so now. Bartee vs. Tompkins, 4 Sneed, 623. The general prayer for relief in relation to this paper, whether it be a note or bill, will cover the case. If it is called a note, and the parties charged to be *547 endorsers in tbe bill; tbe answer sets up tbe bill, and tbe position of tbe parties upon it correctly, and calls upon tbe Court to determine tbe order of1 liability. So tbe answer opens up tbe case upon wbicb tbe decree may be made, and that will do as well as if stated in tbe bill. But bere it is certain that both parties referred to tbe same paper, and called it by different names.
There is no objection, then, to granting tbe relief upon tbe case made out in proof upon tbis ground.
Tbe decree of the Chancellor is in all things correct, and will be affirmed.